**Marilyn THOMAS, Plaintiff,**

v.

**PHONE DIRECTORIES COMPANY, Defendant.**

**No. 2:97 CV 795K.**

United States District Court, D. Utah, Central Division.

March 16, 1998.

---

## ORDER

KIMBALL, District Judge.

This matter is before the court on Defendant's Motion to Dismiss Marc Bingham in his individual capacity, and to Dismiss Plaintiff's Sixth Cause of Action. This matter came on for hearing on March 13, 1998. Plaintiff was represented by Stacie M. Smith. Defendant was represented by Steven K. Gordon. Oral argument was heard and the court took the matter under advisement. Having considered the arguments of the parties, all pleadings filed and the facts and law relevant to defendant's motion and now being fully advised, the court enters the following order.

Plaintiff, Marilyn Thomas stipulates that Marc Bingham is dismissed as a defendant in all Title VII causes of action in his individual capacity. Plaintiff states that she did not intend to name Mr. Bingham as a separate defendant and therefore he is dismissed individually in all Title VII causes of action.

Plaintiff's Sixth Cause of action is for Negligent Infliction of Emotional Distress. Defendant argues that this cause of action should be dismissed because the plaintiff fails to meet all of the essential elements of the claim. More particularly, plaintiff fails to meet the element of fear of physical harm. Defendant argues that at no time was the plaintiff in fear of physical harm. Plaintiff argues that because she was a direct victim of the harassment at issue, she need not meet the element of fear of harm in that that particular element applies only to bystander victims. Defendant further argues that Plaintiff's Sixth Cause of Action should be dismissed in that she failed to plead any physical harm as a result of the negligent infliction of emotional distress as is required under Utah case law. Plaintiff responds to this by arguing that physical harm is not necessary and that mental or emotional harm will suffice.

To support the argument that plaintiff must be in fear of physical harm in order to state a cause of action for negligent infliction of emotional distress, the defendant cites *Lawson v. Salt Lake Trappers, Inc.*, 901 P.2d 1013 (Utah 1995). *Lawson* is distinguishable from the case at hand. In *Lawson* the plaintiffs were attending a baseball game when a foul ball struck the plaintiffs' minor child. The court held that the plaintiffs could not maintain a cause of action because at no time were they in fear of harm themselves. In *Lawson* the plaintiffs were not the direct victims. Rather *Lawson* is a "zone of danger" case. In zone of danger cases it is true that the plaintiff must be in the physical zone of danger and must be in peril of physical harm. In *Lawson* the plaintiffs did not actually see the ball strike their child and therefore they were not in the zone of danger.

Although the Utah Supreme Court has never directly addressed the distinction between bystander cases and direct victim cases, it is clear from the language in *Hansen v. Mountain Fuel Supply*, 858 P.2d 970 (Utah 1993), that there is a distinction. In her opinion in *Hansen*, Justice Durham cites to the Second Restatement of Torts which clearly distinguishes between direct and bystander victims. The Restatement adopts the following approach to determine liability for negligent infliction of emotional distress.

(1) If the actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor

(a) should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and

·(b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm.

(2) The rule stated in subsection (1) has no application to illness or bodily harm of another which is caused by emotional distress arising solely from harm or peril to a third person, unless the negligence of the

actor has otherwise created an unreasonable risk of bodily harm to the other.

Restatement (Second) of Torts § 313 (1965). Subsection (2) of § 313 makes it clear that there is a distinction between direct and bystander victims. Because the plaintiff in this action is a direct victim she need not show fear of physical harm.

■ Although the victim need not show fear of physical harm, under the current state of Utah law she must show that the emotional damage she sustained, manifested itself in physical symptoms. As plaintiff points out, it is accurate that in *Hansen v. Mountain Fuel Supply*, Justice Durham states that a plaintiff can recover for mental illness absent physical symptoms in the case where the damage suffered is so severe that "a reasonable person normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case". *Id.* at 975. However, Justice Zimmerman, who authored the plurality opinion in the *Hansen* case disagrees with this analysis. Justice Zimmerman states that:

> I do not join in part II's wide-ranging dictum to the effect that mental illness, in the absence of physical manifestation, is sufficient to support a claim. There is no need to attempt to decide this question for the purposes of this appeal, since under any theory plaintiffs' allegations are insufficient. Moreover, Justice Durham's dictum conflicts not only implicitly with the approach of a majority of this court in *Johnson v. Rogers*, 763 P.2d 771, 784 (Utah 1988), but explicitly with what I think are the better-reasoned authorities she cites but does not follow.

*Hansen* at 983. Justice Zimmerman's opinion makes it clear that the question of whether or not mental illness will suffice in order to maintain a claim of negligent infliction of emotional distress in direct victim cases, has not been fully answered by the Utah court. Therefore, under the current state of Utah law as is set forth in *Johnson v. Rogers*, 763

P.2d 771 (Utah 1988), absent physical manifestations of mental illness, a plaintiff can not sustain a cause of action for negligent infliction of emotional distress.[1]

Given the current state of the law, the plaintiff in this matter has not sufficiently plead a cause of action for negligent infliction of emotional distress. Therefore it is hereby

ORDERED that Marc Bingham is DISMISSED as a defendant in all Title VII causes of action in his individual capacity and it is FURTHER ORDERED that Plaintiff's Sixth Cause of Action is DISMISSED without prejudice.

---

1. The case of *Harnicher v. University of Utah*, which is currently pending before the Utah Supreme Court, directly addresses the issue of whether or not mental illness absent physical symptoms will suffice to maintain a cause of action for negligent infliction of emotional distress in direct victim cases. An opinion is expected in this case within the next six months.